1  JAMES C. SANCHEZ, City Attorney
   CITY OF FRESNO
2  By: Gregory L. Myers, Senior Deputy Attorney (#95743)
3  By: Tamara Bogosian, Senior Deputy Attorney (#210312)
   2600 Fresno Street, Room 2031
4  Fresno, California 93721-3602
   Telephone:  (559) 621-7500
5  Facsimile: (559) 488-1084

6
7  Attorneys for Defendants, CITY OF FRESNO, JOHN OVERSTREET and DAVE UNRUH

           UNITED STATES DISTRICT COURT
8
           EASTERN DISTRICT OF CALIFORNIA
9

10 ROBERT CARSON,                    )  Case No.:  1:08-CV-00468-AWI-DLB
                                     )
11              Plaintiffs,          )
                                     )  **STIPULATION AND PROTECTIVE**
12     vs.                           )  **ORDER AUTHORIZING LIMITED**
                                     )  **DISCLOSURE OF FRESNO POLICE**
13 CITY OF FRESNO, JOHN OVERSTREET,  )  **DEPARTMENT'S STANDING ORDERS**
   individually, DAVE UHRUH, individually, and )
14 DOES 1-40,                        )
                                     )
15                                   )
                Defendants.          )
16                                   )
                                     )
17 _____

18        IT IS HEREBY STIPULATED between the parties, through their respective counsel, and

19 ordered by this Court, that the following material will be disclosed pursuant to this stipulation

20 and protective order:

21        1.      Fresno Police Department's Policy Regarding Assaults in effect in December,

22 2006 (Standing Order No. 3.4.14 – 01.00-04.00);

23        2.      Fresno Police Department's Policy Regarding Domestic Violence in effect in

24 December 2006 (Standing Order 3.4.20-.1.00-09.00);

25        3.      Portions of Fresno Police Department's Policy Regarding Investigative Case

26 Management System in effect in December 2006 (Standing Order 3.4.15-01.00-8.02);

27        4.      Fresno Police Department's Policy Regarding Law Enforcement Report Form in

28 effect in December 2006 (Standing Order 3.9.5-.013.00);

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

1                                    Carson v. City of Fresno, et al
                                     Case No.:  1:08-CV-00468-AWI-DLB
                                     Stipulation and Protective Order

5.      Fresno Police Department's Policies Regarding Follow-up Report Form in effect in December 2006 (Standing Order 3.9.6-01.00-03.00);

6.      Fresno Police Department's Policies Regarding Adult Arrest Report in effect in December 2006 (Standing Order 3.9.7-01.00-03.00);

7.      Portions of Fresno Police Department's Policy Regarding Mandatory or Possible Documentation Required;

8.      Four (4) page document entitled "Fresno Police Department: Domestic Violence Investigative/Report Writing Checklist";

9.      Roll Call Training Bulletin No.06-13 entitled "Landlord/Tenant Disputes and the Police";

Sections of the disclosed Fresno Police Department's Standing Orders are irrelevant and are privileged pursuant to Evidence Code section 1040(b).  The release of those sections would compromise officer safety and/or criminal investigations and reveal police investigatory tactics. (See Privilege & Redaction Log attached hereto as Exhibit "A.")

As to any of the sections on the Privilege & Redaction Log, Plaintiff reserves the right to revisit those sections as to the relevance in this litigation.

Based on the foregoing, IT IS HEREBY STIPULATED:

1.      The "Confidential" documents shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.  A party producing the documents and materials described above may designate those materials by affixing a mark labelling them as "Confidential."  If any "Confidential" materials cannot be labelled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

2.      The "confidential" documents may be disclosed only to the following persons:

a)      the counsel for any party to this action;

b)      paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

2

Carson v. City of Fresno, et al
Case No.:  1:08-CV-00468-AWI-DLB
Stipulation and Protective Order

c)      court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

d)      any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

e)      any in-house expert designated by defendants to testify at trial in this matter;

f)      witnesses, other than the plaintiffs  herein, may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

g)      the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

3.      Each person to whom the confidential documents or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the Federal Court of California, Eastern District, with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt.  Plaintiff shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given.  The CITY OF FRESNO may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the Stipulated Protective Order. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

4.      Any document filed with the Court that includes the confidential documents shall be filed under sealed label with a cover sheet as follows:  "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order."  Such documents shall be kept by the Court under seal and made available only to the Court or counsel.

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

3

Carson v. City of Fresno, et al
Case No.:  1:08-CV-00468-AWI-DLB
Stipulation and Protective Order

5.     Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the CITY OF FRESNO of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6.     After the conclusion of this litigation, all documents, in whatever form stored, reproduced, containing "Confidential" information will remain Confidential, and if filed with the Court, shall remain under seal.  All parties also ensure that all persons to whom "Confidential" documents were disclosed shall be returned to counsel for the producing party.  The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the CITY OF FRESNO in a manner in which the CITY OF FRESNO will be able to reasonably identify that all documents were returned.

DATED: June 5, 2009                    JAMES C. SANCHEZ
                                       City Attorney


                                       By:    /s/ Gregory L. Myers
                                             GREGORY L. MYERS
                                             Senior Deputy City Attorney
                                             Attorneys for Defendants, CITY OF FRESNO,
                                             JOHN OVERSTREET and DAVE UNRUH

GLM:elb [49466elb/glm]

DATED: June 5, 2009                    THORNTON DAVIDSON & ASSOCIATES


                                       By:    /s/ Thornton Davidson
                                             THORNTON DAVIDSON
                                             Attorney for Plaintiff, ROBERT CARSON

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

4

Carson v. City of Fresno, et al
Case No.:  1:08-CV-00468-AWI-DLB
Stipulation and Protective Order

1                             **<u>ORDER</u>**

2        WHEREFORE, based upon the foregoing stipulation:

3

4

5 IT IS SO ORDERED.

6

    Dated:   **August 13, 2009**                   /s/ *Dennis L. Beck*

7                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28