# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT CARSON, | ) | 1:08cv468 AWI DLB |
| | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| | ) | APPLICATION FOR RECONSIDERATION |
| Plaintiff, | ) | |
| | ) | (Document 60) |
| v. | ) | |
| | ) | |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On April 23, 2010, Plaintiff Robert Carson ("Plaintiff") filed an application to file the Declaration of Thornton Davison in Support of Plaintiff's Motion to Modify the Scheduling Order under seal.  The application is nothing more than a two paragraph document that did not identify the documents Plaintiff wished to file under seal or explain why such documents should be filed under seal.  The only explanation was that the documents had been marked as Confidential pursuant to the Protective Order filed in the action.

Based on the inadequacy of this filing, the Court found that Plaintiff failed to demonstrate good cause and denied the application on April 28, 2010.  The Court explained the deficiencies in a follow-up communication with the parties.

On April 29, 2010, Defendants, rather than simply submitting a new application to seal with the necessary information, filed an meritless application for reconsideration.   The Motion for Reconsideration erroneously assumes that Mr. Davidson provided the Court with copies of his declaration and/or the exhibits he wished to file under seal, he did not.

1   Defendants' application assumes that this Court had sufficient information to weigh
2   whether the documents should be filed under seal.  Defendants cite to the Declaration of
3   Thornton Davidson and the attached exhibits that were the subject of the motion to seal in a not-
4   so-subtle suggestion that this Court had no basis for its denial.  The Court has still not received
5   any of the referenced documents.

6   Defendants state that the Declaration "quotes and otherwise describes information
7   contained in documents" protected by various statutes.  Application, at 2.  While these state
8   statutes are not controlling on the issue of sealing they might have been instructive, had the
9   documents been provided to the Court.

10   What was provided instead was the wholly inadequate two paragraph application.  Which
11   in its entirety reads as follows:

> The basis for this request is that the parties in this matter previously entered (and the Court signed on November 10, 2010) a protective order which protects the documents described in and included as exhibits to the declaration from being disclosed to the public. (See Docket No. 37).
> Since the protected documents are described in and must be attached to the declaration, Plaintiff requests that both the declaration and its accompanying exhibits be filed confidentially and under seal.

16   The entire premise of Defendants' motion is incorrect as the documents at issue were not
17   attached, delivered or lodged with this Court, nor were they even described in the application.

18   Second, to the extent Defendants suggest that a designation of a document as confidential
19   pursuant to the Protective Order permits it to be filed under seal, Defendants misunderstand the
20   requirements to seal a document.  Local Rule 141(a) states that "[e]xcept as otherwise provided
21   by statute or rule," an order of the Court is necessary to file documents under seal.  The parties
22   designation of a document as confidential is not a sufficient legal reason to file the documents
23   under seal.

24   Defendants' application for reconsideration is therefore DENIED.

25   IT IS SO ORDERED.

26   Dated:   **April 29, 2010**            **/s/ Dennis L. Beck**
                                                     *UNITED STATES MAGISTRATE JUDGE*

2