# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants. | 1:08cv468 AWI DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br>(Document 51)<br><br>ORDER SETTING PRE-TRIAL CONFERENCE DATE<br><br>**Date:  May 18, 2010**<br>**Time: 8:30 a.m.**<br>**Courtroom 2** |

Plaintiff Robert Carson ("Plaintiff") filed the instant Motion to Modify the Scheduling Order, Reopen Discovery and Move Trial on April 23, 2010.  The motion was heard on May 14, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Thornton Davidson appeared on behalf of Plaintiff.  Rosemary McGuire appeared on behalf of Defendants City of Fresno, John Overstreet and Dave Unruh ("Defendants").

## **BACKGROUND**

Plaintiff filed the instant civil rights action in Fresno County Superior Court on February 19, 2008.  The action was removed to this Court on April 3, 2008.  Plaintiff names the City of Fresno and Fresno Police Officers John Overstreet and Dave Unruh as Defendants.  He alleges causes of action for conversion, trespass to chattels, violation of section 1983 based on intentional and willful loss of property and failure to train, and general negligence.  Plaintiff's causes of action are based on his allegations that Officers Overstreet and Unruh stole gold coins

1

1 from his residence when they responded to a call of a domestic disturbance, or failed to properly
2 secure the property to prevent a theft.

3       On November 18, 2009, the Court issued an order on Plaintiff's first motion to modify
4 the scheduling order. The Court denied Plaintiff's request to alter the schedule to designate an
5 expert, finding that Plaintiff affirmatively stated that he would not produce an expert, failed to
6 timely notify Defendants that this statement was incorrect, and failed to diligently pursue
7 discovery to obtain the records he believed his expert required. Insofar as Defendants produced
8 belated disclosure and failed to provide Plaintiff with documents provided to their expert, the
9 Court agreed that Plaintiff was entitled to relief from the discovery deadline. Plaintiff was
10 allowed to pursue discovery related to the Internal Affairs ("IA") report and supplemental
11 disclosures. The parties were instructed to meet and confer to set a discovery schedule that
12 would allow the December 8, 2009, trial date to stand.

13       On November 19, 2009, the Court vacated dates based on Plaintiff's temporary blindness
14 due to a stroke. On December 16, 2009, after Plaintiff's condition had resolved, the Court set
15 trial for June 15, 2010. The pre-trial conference was set for May 6, 2010.

16       On April 23, 2010, Plaintiff filed the instant motion to modify the scheduling order,
17 reopen discovery and move trial out past January 1, 2011. Alternatively, Plaintiff seeks
18 terminating sanctions.

19       Defendants filed their opposition on May 7, 2010. Plaintiff filed his reply on May 10,
20 2010.

21       Based on Plaintiff's pending motion, the Court vacated the pre-trial conference on May 5,
22 2010.

## DISCUSSION

24       Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control
25 and expedite pretrial discovery through a scheduling order and states that a schedule shall not be
26 modified except upon a showing of good cause. In this context, "good cause" has been linked
27 with the diligence of the party requesting the modification. See Zivkovic v. Southern California
28 Edison Co., 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc.,

975 F.2d 604 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).

By this motion, Plaintiff seeks (1) continuance of the trial past January 1, 2011; (2) the re-opening of discovery limited to the investigation of Plaintiff's complaint by the Fresno Police Department; and (3) the redesignation of an expert on the same subject.

Plaintiff's motion is based primarily on his belief that an IA investigation was at least opened, and his related belief that the Fresno Police Department purposely stopped the IA investigation to protect Defendant Officers. Plaintiff's beliefs arise from documents produced in response to the Court's last order that either (1) referenced an IA case number; or (2) contained redacted information.

As discussed at the hearing, the Court doubts whether information relating to the IA investigation and/or the Fresno Police Department policies dealing with such investigations is relevant to any of Plaintiff's claims. Nevertheless, the Court shares Plaintiff's concern with the actions of Gregory Myers, Defendants' former counsel. Mr. Myers produced redacted versions of three memorandums without providing a privilege log. The memorandums contained handwritten opinions of those who reviewed the memorandums, and Mr. Myers redacted the handwritten notes without informing Plaintiff of the redaction.

Based on Mr. Myer's conduct, the Court finds that Plaintiff is entitled to a sworn statement as to (1) whether an IA file exists; and (2) if an IA file does exist, what documents are contained therein. The parties indicated at the hearing that they would work together to obtain this information.

Plaintiff's motion is therefore GRANTED IN PART.  Plaintiff's requests to reopen discovery beyond that allowed by this order, designate an expert and continue trial, are DENIED.

The Court SETS the pre-trial conference for May 18, 2010, at 8:30 a.m., in Courtroom 2.

*IT IS SO ORDERED.*

    *Dated:*   **May 14, 2010**                  **/s/ Dennis L. Beck**
                                                         *UNITED STATES MAGISTRATE JUDGE*