1  Rosemary T. McGuire, Esq.   Bar No. 142937

2  WEAKLEY, ARENDT & McGUIRE, LLP
   1630 East Shaw Avenue, Suite 176
3  Fresno, California  93710
   Telephone: (559) 221-5256
4  Facsimile:  (559) 221-5262

5  Attorneys for Defendant, CITY OF FRESNO, JOHN OVERSTREET, and DAVE UNRUH

6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ROBERT CARSON,                          )   CASE NO. 1:08-CV-00468-AWI-DLB
                                           )
12          Plaintiff,                      )   **MOTIONS IN LIMINE OF DEFENDANTS**
                                           )   **CITY OF FRESNO, JOHN OVERSTREET,**
13          vs.                             )   **AND DAVE UNRUH**
                                           )
14  CITY OF FRESNO, JOHN OVERSTREET,        )   Date:   June 9, 2010
    individually, DAVE UNRUH, individually, )   Time:  9:00 a.m.
15  and DOES 1-40                           )   Ctrm.:  2
                                           )
16          Defendants.                     )   The Honorable Anthony Ishii
                                           )
17  _____ )   Trial:  June 15, 2010

18          Defendants CITY OF FRESNO, JOHN OVERSTREET, and DAVE UNRUH ("Defendants")

19  in the above matter and before the trial and selection of the jury, hereby move this Court, in limine,

20  to instruct the parties and counsel as follows:

21          1.      To bifurcate the *Monell* issue and punitive damages from the other issues in the case;

22          2.      To preclude improper comments regarding damages;

23          3.      To preclude evidence of liability insurance;

24          4.      To preclude evidence of indemnification of defendant officers by employer;

25          5.      To exclude non-party witnesses for the courtroom;

26          6.      To preclude plaintiff from rendering opinions regarding the value of the alleged

27                  missing coins;

28  ///

_____
Defendants' Motions in Limine

7.     To preclude evidence of any other lawsuits against defendant officers, or any other Fresno Police Department officers.

8.     To preclude questions regarding personnel matters, prior complaints concerning job performance or disciplinary issues as to the defendant officers or any other Fresno Police Department officer who testifies in this matter;

9.     To preclude evidence not produced in discovery;

10.    To preclude evidence and/or testimony regarding the administrative review, the outcome of the review, and/or the fact no Internal Affairs investigation was conducted.

11.    To preclude testimony of Terrance O'Neal.

12.    To preclude use of or reference to the Fresno Police Departments Internal Affairs Manual.

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

### TO BIFURCATE THE *MONELL* ISSUES AND PUNITIVE DAMAGES FROM THE OTHER ISSUES IN THE CASE

Defendants move in limine for an order from the Court bifurcating the trial into two phases, (1) liability and (2) determination of *Monell* liability and any amount of punitive damages which may be awarded. Federal Rules of Civil Procedure rule 42(b) states "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more issues, claims, crossclaims, counterclaims, or third party claims." "Generally, when district courts bifurcate § 1983 trials it is to hear claims against individual officers first, before turning to *Monell* claims against government entities." *Afshar v. City of Sacramento,* WL 779748 (2007), citing *Santos v. Gates,* 287 F.3d 846, 851 (9th Cir. 2002); *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 518 (9th Cir. 1999). In *City of Los Angeles v. Heller*, the United States Supreme Court held absent the finding of a constitutional violation, no award of damages against a municipal entity can be justified. *City of Los Angeles v. Heller,* 475 U.S. 796 (1986).

///

1    In this case, following the precedent established in *City of Los Angeles v. Heller*, if the jury

2    finds plaintiff has failed to prove an underlying constitutional violation then the issue of defendant

3    City of Fresno's liability terminates since a damage award would not be justified. *Id.* Furthermore,

4    bifurcation will preserve judicial economy and economy of the parties by preventing the unnecessary

5    expenditure of both time and resources litigating issues which should not be addressed without first

6    finding an underlying constitutional violation.  In addition, bifurcation reduces the likelihood of

7    defendant officers experiencing undue prejudice since evidence and/or testimony irrelevant to liability

8    but relevant to plaintiff's *Monell* claim will not be presented to the jury until after liability has been

9    determined.  *Fed R. Evid. 401, 402, and 403*.

10    With regards to the amount of any punitive damages which may be awarded, bifurcation of

11    the trial should be granted so as to prevent the unnecessary presentation of evidence and/or testimony

12    relating to the defendant officers private financial condition prior to a determination of liability by

13    the jury.  Evidence and/or testimony of defendant officers financial condition is not relevant to any

14    issues of liability in this lawsuit since it does not tend to prove or disprove any of plaintiff's claims;

15    and is therefore inadmissible. *Fed. R. Evid*. *401 and 402*.  If the trial were bifurcated then defendant

16    officers financial condition could remain private and confidential since such evidence would not be

17    required unless the jury determined their conduct was wanton and malicious.

18    Therefore, defendants respectfully request the Court grant their motion in limine  bifurcating

19    the trial into two separate phases, (1) liability and (2) determination of *Monell* liability and any

20    amount of punitive damages which may be awarded.

21                                   **2.**

22              **<u>TO PRECLUDE IMPROPER COMMENTS REGARDING DAMAGES</u>**

23    Defendants request an order precluding plaintiff's counsel from making any inquiry, comment

24    or argument before the jury that suggests that jurors should base plaintiff's damages, if any should

25    be awarded, on an amount that jurors would charge to endure similar injuries.  Any such argument

26    is prohibited and will create a substantial danger of undue prejudice to the defendants. *Fed. R. Evid*.

27    403.

28    ///

---

Defendants' Motions in Limine                                3

1       It is improper for counsel to suggest that jurors place themselves in the "shoes" of a party in

2   order to determine damages. *Leathers v. General Motors Corp.*, 546 F.2d 1083, 1086 (4th Cir. 1976).

3   This argument, frequently called the "Golden Rule," has been universally condemned because it

4   encourages jurors to depart from neutrality and decide the case on the basis of personal interest and

5   bias rather than on the evidence. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir.

6   1982).  To ask the jury to award damages based on what they would charge to endure such an

7   experience would be prejudicial to defendants, and as such the instant motion should be granted.

8   **3.**

9   **TO PRECLUDE EVIDENCE OF LIABILITY INSURANCE**

10       Defendants request that plaintiff be precluded from presenting evidence concerning the

11   insurance of defendant City of Fresno.  "Evidence that a person was or was not insured against

12   liability is not admissible upon the issues of whether the person acted negligently or otherwise

13   wrongfully." *Fed. R. Evid. 411*.  In addition, the probative value, if any, of evidence of this nature

14   is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the

15   jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

16   evidence. *Fed. R. Evid. 403*.  Therefore, evidence as to whether or not the City of Fresno was insured

17   is inadmissible.

18   **4.**

19   **TO PRECLUDE EVIDENCE OF INDEMNIFICATION OF DEFENDANT OFFICERS**

20       Defendants seek an order precluding plaintiff from soliciting testimony, or presenting

21   evidence, regarding defendant officers indemnification for damages by the City of Fresno.

22   Introduction of any such evidence would be prejudicial to defendants' right to a fair trial.

23       The Ninth Circuit has held that informing the jury in a 42 U.S.C. § 1983 civil rights claim that

24   a police officer may be indemnified for damages by the employing public entity is reversible error

25   requiring a new trial on the measure of damages. *Larez v. Holcomb*, 16 F.3d 1513, 1518-1521 (9th

26   Cir. 1994).  Here, as in *Larez,* any mention or reference to the City of Fresno paying any damages

27   awarded against defendant officers would be unduly prejudicial, and amount to denial of a fair trial

28   on the issue of damages. Accordingly, plaintiff's counsel, and his witnesses, should be instructed not

Defendants' Motions in Limine           4

1  to comment on or suggest that any damages awarded against defendant officers may be paid by their

2  employer, or any other entity.

3                                         **5.**

4                   **TO EXCLUDE NON-PARTY WITNESSES FROM COURTROOM**

5       Defendants seek an order from the Court under Rule 615 precluding non-party witnesses

6  from being present in the courtroom during trial-related proceedings.  *Fed. R. Evid. 615*.

7                                         **6.**

8          **TO PRECLUDE PLAINTIFF FROM RENDERING OPINIONS REGARDING THE**

9                  **VALUE OF THE ALLEGED MISSING COINS**

10      Defendants respectfully request that the Court preclude plaintiff from rendering any opinions

11  regarding the value of the alleged missing coins. A witness not testifying as an expert may offer

12  testimony in the form of opinions if said opinions are "(a) rationally based on the perceptions of the

13  witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact

14  in issue, and (c) not based on scientific, technical, or other specialized knowledge...." *Fed. R. Evid.*

15  *701*.

16      Under Federal Rules of Evidence, Rule 701, any part of a witness' testimony that is based

17  upon scientific, technical or other specialized knowledge within the scope of Rule 702 is governed

18  by the standards of Rule 702 and the corresponding disclosure requirements of the Federal Rules of

19  Civil Procedure.  This eliminates the risk that the reliability requirements set forth in Rule 702 will

20  be evaded through the proffering of an expert in lay witness clothing. See *Burnham v. United States*,

21  2009 WL 2169191 (D. Ariz.).

22      In the present case, plaintiff served an expert witness designation on July 10, 2009, asserting

23  that he "hereby states that he does not presently intend to offer the testimony of an expert witness."

24  Defendants anticipate that plaintiff may try to offer testimony himself regarding the valuation of his

25  alleged missing coins.  Presumably, plaintiff's anticipated testimony regarding the purported value

26  of the coins will not be based merely on his observations, but rather his accumulated expertise

27  obtained through experience and specialized knowledge.   Such testimony would be beyond a lay

28  person's realm of knowledge since a determination of any coin's value requires both technical and

specialized knowledge of rare and foreign coins, not to mention the ability to determine the authenticity of said coins.  "In general, '[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.'" *National Transport Finance v. Cass Information Systems, Inc.,* 523 F.3d 1051, 1059-60 (9th Cir. 2008), quoting *Fireman's Fund Ins. Cos.,* 106 F.3d at 1468 n.3 (citing Fed. R. Evid. 701); see also *Kostelecky v. NL Acme Tool/NL Indus., Inc.,* 837 F.2d 828, 830 (8th Cir. 1988) ("Under either [Rule 701 or Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible.").  Here, plaintiff's opinions regarding the value of his alleged missing coins would simply be testimony telling the jury how to determine their value since plaintiff failed to designate an expert regarding this issue. As a result of plaintiff asserting that he would not offer the testimony of an expert on this issue, a supplemental expert was not retained by defense counsel.  Such a situation will leave the jury unable to thoroughly weigh and determine with impartiality the issue of valuation and the credibility of plaintiff's valuation since all they would have to consider is the opinion testimony he has provided.

Any probative value of testimony regarding plaintiff's opinions as to valuation is substantially outweighed by its undue prejudice to defendants because they will not have the opportunity to challenge the veracity of his claims, since they have not retained their own expert on coin valuation. *Fed. R. Evid. 403*.

Allowing plaintiff to testify as a lay witness and offer opinions based on specialized knowledge, would clearly frustrate the purpose of Rule 701(c). Therefore, testimony and/or evidence by plaintiff regarding the value of the allegedly missing coins should be precluded.

**7.**

## TO PRECLUDE EVIDENCE OF ANY OTHER LAWSUITS AGAINST THE DEFENDANT OFFICERS OR ANY OTHER FRESNO POLICE DEPARTMENT OFFICERS

Defendants respectfully request the Court preclude evidence concerning any other lawsuits in which they, or any other officers with the Fresno Police Department, were and/or are named as an accused officer or a defendant.  Defendants' also request that plaintiff and any witnesses called by plaintiff be precluded from testifying about or inferring that defendants are currently or in the past

been a party to any lawsuit.  This evidence and/or testimony is not relevant to any issues in this lawsuit and is therefore inadmissible. *Fed. R. Evid. 402*.  The admission of such testimony, even if remotely relevant, would improperly confuse the jury and its probative value, if any, is substantially outweighed by the danger of unfair prejudice. *Fed. R. Evid. 403*.

As such, defendants respectfully request that the Court instruct plaintiff and his attorney (and through them, each of their witnesses) not to mention, or in any other manner convey to the jury anything about this subject matter.

**8.**

**TO PRECLUDE QUESTIONS REGARDING PERSONNEL MATTERS, PRIOR COMPLAINTS CONCERNING JOB PERFORMANCE, OR PRIOR DISCIPLINARY ISSUES AS TO THE DEFENDANT OFFICERS OR ANY OTHER FRESNO POLICE DEPARTMENT OFFICER WHO TESTIFIES IN THIS MATTER**

Defendants move this Court in limine to preclude plaintiff from presenting evidence included in the personnel record of defendant officers or any testifying peace officer.  This includes, but is not limited to, information of a personal nature as well as information concerning any disciplinary actions or complaints levied against defendant officers or any testifying peace officer.  California Penal Code section 832.7 provides for the confidentiality of peace officer personnel records.  This includes personnel records defined under Penal Code section 832.8, and records maintained pursuant to Penal Code section 832.5.

Penal Code section 832.8 defines personnel records as: ". . . any file maintained under that individual's name by his or her employing agency and containing records" relating to:  (a) personal data, including marital status, family members, educational and employment history, or similar information; (b) medical history; (c) election of employee benefits; (d) employee advancement, appraisal or discipline; (e) complaints, or investigation of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived and pertaining to the manner in which he or she performed his or her duties; or (f) any other information the disclosure of which would constitute an unwarranted invasion of personal privacy".

///

Penal Code section 832.5 applies to procedures for investigating citizen complaints against law enforcement personnel, i.e., an internal affairs investigation.  Evidence Code section 1040 is a privilege relating to official information acquired in confidence from a public employee in the course of his or her duty and not open or officially disclosed to the public prior to the time the claim of privilege is made.

A public entity has a conditional privilege to refuse to disclose official information and to prevent another person from disclosing such information if:  1) the privilege is claimed by a person authorized by the public entity to do so; and 2) disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice.  *Shepherd v. Superior Court*, 17 Cal.3d 107, 123 (1976) *overruled on other grounds*.  Thus, plaintiff should not be entitled to ask questions soliciting information otherwise privileged because statutes which protect personnel records and information from such records also protect the identical information about personnel history which is within the officers' personal recollections. *City of San Diego v. Superior Court,* 136 Cal.App.3d 236, 239 (1981).

Although federal courts are not bound by state statutes or privileges, federal common law recognizes an "official information" privilege that embraces records or information compiled for law enforcement purposes not otherwise available to the public pursuant to 5 U.S.C. § 552(b)(7); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997).  As a matter of comity, the federal court should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities and the importance of those interests.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987).  Federal courts should give some weight to privacy rights that are protected by state constitutions or state statutes. *Ibid.*

Furthermore, only relevant evidence is admissible. *Fed. R. Evid. Rule 402.*  Evidence is not relevant unless it tends to prove or disprove a fact of consequence.  *Fed. R. Evid. Rule 401.*  Evidence of other citizen complaints would be irrelevant.  Assuming administrative complaints exist on any testifying officer (a not uncommon occurrence in the career of any peace officer), those complaints would not be relevant to the instant action.  Such "character evidence" is not admissible

1   to prove conduct of a defendant (*Fed. R. Evid. Rule 404*);  and admission of any such evidence

2   would be unduly prejudicial and subject to exclusion.  *Fed. R. Evid. Rule 403*.  Evidence of this

3   nature would simply confuse the issues, mislead the jury, and result in undue consumption of time.

4   Such evidence, therefore, should be excluded under Rule 403.

5           Defendants respectfully request that the Court instruct plaintiff and his attorney (and through

6   them, each of their witnesses) not to mention, or in any other manner convey to the jury anything

7   about these subject areas.

8                                                **9.**

## TO PRECLUDE EVIDENCE NOT PRODUCED IN DISCOVERY

10          Defendants respectfully request the Court preclude evidence and/or testimony of any

11  witnesses which were not disclosed in discovery or provided as supplemental discovery in a timely

12  fashion, to the extent that such information was the subject of a discovery request.  *Lee v. Walters*,

13  172 F.R.D. 421, 425 (D. Or. 1997).  Federal Rules of Civil Procedure ("FRCP"), Rule 26(a) excludes

14  evidence from an untimely disclosed witness unless "the parties' failure to disclose the required

15  information is substantially justified or harmless."  *Wong v. Regents of the University of California*,

16  379 F.3d 1097, 1105 (9th Cir. 2004), citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

17  1101, 1105 (9th Cir. 2001).

18                                               **10.**

## TO PRECLUDE EVIDENCE AND/OR TESTIMONY REGARDING THE

## ADMINISTRATIVE REVIEW, THE OUTCOME OF THE REVIEW, AND/OR THE

## FACT NO INTERNAL AFFAIRS INVESTIGATION WAS CONDUCTED

22          Defendants respectfully move this Court in limine to preclude plaintiff from presenting

23  evidence and/or testimony or make inferences regarding the manner in which the administrative

24  review investigation was handled or the fact no Internal Affairs investigation was conducted.

25  Notwithstanding the fact that California Penal Code section 832.7 provides for the confidentiality

26  of peace officer personnel records including personnel records defined under Penal Code section

27  832.8, and records maintained pursuant to Penal Code section 832.5, the handling of the

28  administrative review and the fact that the matter did not proceed to an Internal Affairs Investigation

---

1    is completely irrelevant to the issues in the case.

2          Only relevant evidence is admissible. *Fed. R. Evid. Rule 402.* Evidence is not relevant unless

3    it tends to prove or disprove a fact of consequence. *Fed. R. Evid. Rule 401.* Here, evidence or

4    testimony regarding the handling of the administrative review and/or the lack of an Internal Affairs

5    investigation is not relevant since it does not prove or disprove a fact of consequence relating to

6    plaintiff's causes of action. Plaintiff's first cause of action is for conversion; and his second is for

7    trespass to chattels. Plaintiff's third cause of action is for violation of his federal civil rights

8    pursuant 42 U.S.C. section 1983. Plaintiff asserts that Officers Overstreet and Unruh violated his

9    civil rights when they intentionally and willfully caused the loss of $3 million in coins. As to the

10   City of Fresno, plaintiff's alleged section 1983 violation is based on claims of failure to train.

11   Nowhere does plaintiff allege that the City of Fresno or the Fresno Police Department failed to

12   investigate or inadequately investigated his complaints against defendant officers. Plaintiff's fourth

13   cause of action is for negligence in failing to protect plaintiff's private property after his arrest.

14         The issue in this case is whether or not Officer Unruh and/or Officer Overstreet stole or failed

15   to secure plaintiff's property. There are no allegations concerning plaintiff's federal claim that make

16   the handling of the subsequent investigation and/or an alleged failure to investigate relevant. As to

17   any state claims, again, there are no facts which assert there was a negligent failure to investigate or

18   an inadequate investigation on the part of the City. Even if there were such allegations, the liability

19   of the City of Fresno cannot be predicated on common law negligence. The Government Code

20   provides that a public entity is not liable for an injury, "(e)xcept as otherwise provided by statute."

21   *Gov. Code § 815(a).* As such, the liability of a public entity must be based on a specific statute

22   declaring them to be liable, or at least creating some specific duty of care. *Eastburn v. Regional Fire*

23   *Protection Authority* (2003) 31 Cal.4th 1175, 1183; *Michael J. v. Los Angeles County Dept. of*

24   *Adoptions* (1988) 201 Cal.App.3d 859, 866.

25         In *Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, a tort cause of action was

26   alleged directly against a city and police department for negligent training, supervision and retention

27   of police officers who were alleged to have used excessive force in fatally shooting a person during

28   a confrontation. The appellate court concluded that the direct tort cause of action against the entity

---

1   defendants could not be maintained because no statute provides for direct liability against such

2   defendants.  *Id*., at 1112-1115.

3      There is no basis upon which how this case was investigated or the fact that the investigation

4   concluded as an administrative review rather than and Internal Affairs investigation, is relevant.

5   Admission of any such evidence and/or testimony would be unduly prejudicial to defendants and

6   subject to exclusion since it is of no probative value to the issues at hand.  *Fed. R. Evid. Rule 403*.

7   Evidence of this nature would simply confuse the issues, mislead the jury, and result in undue

8   consumption of time.  Therefore, such evidence and/or testimony should be excluded under Rules

9   401 and 403.

10     Defendants respectfully request that the Court instruct plaintiff and his attorney (and through

11  them, each of their witnesses) not to mention, or in any other manner convey to the jury anything

12  about these subject areas.

13  **11.**

14  **TO PRECLUDE TESTIMONY OF TERRANCE O'NEAL**

15     Plaintiff has identified Terrance O'Neal as a "non-retained expert witness".  Mr. O'Neal was

16  never identified as an expert pursuant to the requirements of Federal Rules of Civil Procedure, Rule

17  26(a)(2).  The first time his name came up was when plaintiff filed a motion to reopen discovery,

18  designate an expert and continue the trial.  That motion was denied.  Mr. O'Neal was not personally

19  involved with any aspect of this case; nor has he ever been identified as a potential witness in the

20  case until the preparation of the pretrial report.  Mr. O'Neal's testimony has no relevance to the

21  issues in the case as he was not personally involved.  And since he was never properly designated

22  as an expert, his testimony should be precluded.

23  **12.**

24  **TO PRECLUDE USE OF OR REFERENCE TO THE FRESNO**

25  **POLICE DEPARTMENTS INTERNAL AFFAIRS MANUAL**

26     Counsel for plaintiff has indicated that he will seek to introduce into evidence portions of the

27  Fresno Police Department Internal Affairs Manual.  It is unclear how counsel obtained a copy of the

28  manual as it was never produced by defendants during the discovery process.  Nor was it identified

Defendants' Motions in Limine       11

in plaintiff's initial Rule 26 disclosure or in any subsequent disclosure as a document in support of his claims.  The first knowledge defense counsel had regarding plaintiff's intended use of the document at trial was at the meet and confer between counsel held on May 27, 2010.  Since it was never disclosed during discovery, use of the manual should be precluded.

Additionally, as discussed above, there are no allegations concerning plaintiff's federal or state claims that make the handling of the subsequent investigation and/or an alleged failure to investigate relevant.  Admission of such evidence and/or testimony would be unduly prejudicial to defendants and subject to exclusion since it is of no probative value to the issues at hand. *Fed. R. Evid. Rule 403*.  Evidence of this nature would simply confuse the issues, mislead the jury, and result in undue consumption of time.  Therefore, such evidence and/or testimony should be excluded under Rules 401 and 403.

Dated: May 28, 2010                     WEAKLEY, ARENDT & McGUIRE, LLP


                                        By:    /s/ Rosemary T. McGuire
                                               Rosemary T. McGuire
                                               Attorney for Defendants
                                               CITY OF FRESNO, JOHN OVERSTREET,
                                               and DAVE UNRUH

---

Defendants' Motions in Limine                    12