Thornton Davidson #166487
Thornton Davidson & Associates
Attorneys at Law
2055 San Joaquin Street
Fresno, California 93721
Telephone: (559) 256-9800
Facsimile: (559) 256-9791

Attorney for Plaintiff, ROBERT CARSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION
* * * * *

| | |
|---|---|
| ROBERT CARSON,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE CITY OF FRESNO, officer DAVE UNRUH, an individual, officer JOHN OVERSTREET, an individual, and DOES 1-40, inclusive.<br><br>　　　　Defendants.<br>_____/ | CASE No.: 1:08-cv-468<br><br>**COURT'S RULING ON SUPPLEMENTAL MOTIONS IN LIMINE**<br><br>Date:　　September 17, 2010<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 3<br>Judge:　　Oliver W. Wanger<br><br>TRIAL DATE:　　September 23, 2010 |

On September 17, 2010, Plaintiff ROBERT CARSON, by and through his attorney of record, Thornton Davidson, and Defendants CITY OF FRESNO et al., by and through their attorney of record, Rosemary McGuire, appeared for a duly noticed hearing to argue the Plaintiff's Supplemental Motions in Limine. After hearing arguments of counsel and considering all facts and law applicable to these matters, the Court rules as follows:

　　A.　　<u>Job Loss because of Drug Use Evidence</u>

　　This motion is granted and such evidence will not be introduced or admitted.

1

B.     Drug Abuse Evidence Generally

Granted in part and denied in part, as provided herein:

To the extent the plaintiff says his coins were long-ago acquired, before he ever used drugs, there would not be a foundation to admit evidence of drug abuse unless there is some evidence from some admissible source that Plaintiff was using drugs at the time.  If, on the other hand, the Defense can show Plaintiff was doing drugs, in an FRE sec. 104 hearing, while Plaintiff was buying, selling, or trading the coins, then such evidence would be admissible.

The evidence about Plaintiff's admitted prior use as of December 1, 2006, and the fact Plaintiff was "coming off" drugs is relevant and admissible.  The reference to methamphetamine as a reason for the 911 call is also admissible because it describes the background of the interaction and the purpose for the contact as well as the Officers' conduct.

On the issue of memory, the relationship to drug usage is admissible so long as there is some link between a relevant memory and the coins that are gone.  The issue here is Plaintiff's long-term memory, in being able to know, to describe and to understand what coins where are, how many, what quality, what value, etc.  In other words, whether Plaintiff was remembering when he was under the influence of drugs, what he did five years ago, ten years ago, three years ago, that doesn't matter as of the date of the incident with the police, what's his level of acuity and mental function to know what's there in the safe at the house.  And so that's the seminal time to judge the effect of the drugs on his consciousness and awareness.

An additional inquiry that could be made is: If Plaintiff was using drugs, and based on that, Plaintiff told us that he gets confused, that he's not always fully conscious – fully conscious of what's happening, and therefore he wouldn't be in a position to know.  But beyond asking Plaintiff whether during the period of time he was acquiring coins or storing or collecting them, he had any memory lapses or unexplained period while he was under the influence of drug, there is really no further inquiry.   Defendants have to live with the answer.

Defendants may inquire about CARSON's motive or support for his drug habit.  But, again, the Defendants have to live with the answer under FRE 608(d).

C.  Joe Callanan's Report

Denied. Mr. Callanan's Rule 26 Expert Witness Report will not be published to the jury. Plaintiff's counsel may reference the report, express what's in it, and appear to hold it in his hand. When Mr. Callanan is in the stand, if he denies the content of his report, counsel may place it before and him ask him to read referenced sections.

D.  Kincaid Issue

Based on the Court's characterization of the rulings in Kincaid v. City of Fresno as provisional, CARSON moved to dismiss his Monell claim against the CITY OF FRESNO. Such motion was granted.

E.  Evidence Concerning Ratification by CITY

The Court reserves its decision on this matter.

F.  Further Orders

Regarding CARSON's recently production (at his valuation deposition) of a detailed list of his losses, the Court orders the parties to collect the testimony and discovery requests regarding the identification of the coins.

IT IS SO ORDERED.

Dated:   **September 22, 2010**          **/s/ Oliver W. Wanger**
                                           UNITED STATES DISTRICT JUDGE