1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | | |
|---|---|---|
| 9 | **ROBERT CARSON,** ) | **CIV-F-08-0468 OWW DLB** |

9  **ROBERT CARSON,**                )       **CIV-F-08-0468 OWW DLB**
                                     )
10              **Plaintiff**,       )
                                     )       **ORDER RE: PLAINTIFF'S**
11       **v.**                      )       **MOTIONS IN LIMINE**
                                     )
12   **CITY OF FRESNO, JOHN**        )
     **OVERSTREET, individually, DAVE** )
13   **UNRUH, individually, and FOES 1-40,** )
                                     )
14              **Defendants**.      )
     _____  )

15
16

17      The motions in limine of Plaintiff Robert Carson came on for hearing on August 27,

18  September 17, and September 22, 2010.  Thornton Davidson appeared on behalf of plaintiff.

19  Rosemary T. McGuire appeared on behalf of defendants.  The following rulings were made:

20      Motion in limine 1, to preclude Defendants from testifying about the value of Plaintiff's

21  stolen gold and silver coins, is denied.

22      Motion in limine 2, to preclude Defendants from eliciting or testifying about the

23  relationship between Plaintiff and Ms. Francine Wilt beyond the circumstances of Plaintiff's

24  arrest, is denied.

25      Motion in limine 3, to preclude Defendants from playing the "911 Emergency Call"

26  placed by Francine Wilt on December 1, 2006, is denied.

27      Motion in limine 5, to preclude Defendant from eliciting or testifying about Plaintiff's

28  lack of insurance, is denied.

1

1    Motion in limine 6, to preclude Defendants' expert witness from testifying inconsistent

2    with his Rule 26 Report, is moot as opinion evidence of inadequate investigation is excluded,

3    except as direct testimony bears on credibility issues and the applicable standards and protocols,

4    if any for conducting investigations.

5    Motion in limine 7, to preclude Defendants from referring to any other civil or criminal

6    case involving Plaintiff, is denied with regard to financial records from Plaintiff's divorce.

7    Motion in limine 8, to preclude Defendants from referring or providing evidence of

8    Defendants UNRUH's and OVERSTREET's disciplinary records, commendations/awards for

9    policing, or any other evidence that may tend to support a "blemishless" record, is granted.

10    Motion in limine 9, to preclude Defendants from making reference to Officer

11    OVERSTREET as a Chaplin, Pastor or "Man of the Cloth," is denied.

12    Motion in limine 10, to preclude Defendants and any Officers of the Fresno Police

13    Department from wearing their police uniforms in the courtroom during testimony, is denied

14    Motion in limine 11, to preclude reference to or evidence from Plaintiff's divorce

15    proceeding, is denied.

16    Motion in limine 12, to preclude any reference or evidence of the banking records of

17    Francine Wilt, is granted subject to exception on the showing of relevance by Defendants.

18    Motion in limine 13, to preclude Defendants from falsely characterizing the testimony of

19    Terrance O'Neil as impermissible expert testimony, is granted.  However, Defendants are

20    permitted to depose Mr. O'Neil.

21    Motion in limine 14, to preclude Defendants from bifurcating the Monell issue of liability

22    from any damages which may be awarded under the 4th Cause of Action, is moot as Plaintiff has

23    dismissed his Monell claim.

24    Motion in limine 15, to preclude Defendants from falsely characterizing the police

25    department investigation of CARSON's claims as relating solely to his Monell claims, is moot as

26    Plaintiff has dismissed his Monell claim.

27    Plaintiff's first supplemental motion in limine seeking to use administrative investigation

28    evidence is denied as Plaintiff has not plead a ratification claim and has not provided an expert

1   on the standard of care for inadequate police investigation, subject to credibility and other

2   evidence bearing on the location and /or disposition of Plaintiff's property.

3        Plaintiff's second supplemental motion in limine in support of Plaintiff's right to claim

4   the present value of his missing coins is denied.

5        Plaintiff's third supplemental motion in limine to preclude Don Rinkor from expressing

6   expert opinions beyond the scope of coin valuation is granted, with the caveat that he may state

7   how much coins weigh and that insurance for coins is available.

8   IT IS SO ORDERED.

9   **Dated:    September 24, 2010**                    **/s/ Oliver W. Wanger**
                                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28